Tuesday     1st

August, 1995.


Joseph Cotton, Jr.,                                   Appellant,

 against       Record No. 2475-92-2
               Circuit Court Nos. 91-100 and 91-102

Commonwealth of Virginia,                     Appellee.


Upon Rehearing En Banc

Before Chief Judge Moon, Judges Baker, Benton, Coleman,
Koontz, Willis, Elder, Bray and Fitzpatrick


Connie Louise Edwards (Connie Louise
Edwards, P.C., on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


By opinion issued December 6, 1994, Cotton v. Commonwealth, 19 Va. App. 306, 451 S.E.2d 673 (1994), we reversed and remanded Joseph Cotton, Jr.'s, convictions of robbery and use of a firearm in the commission of robbery.  On petition of the Commonwealth, we granted rehearing en banc on two questions:  (1) whether the trial court properly admitted the victim's statement, made during the robbery, that she knew the robber, and (2) whether the trial court properly excluded from evidence a plastic bag that contained a palm print of an unidentified person other than Cotton.  On rehearing en banc, we reverse the panel decision and find no error with respect to the admission of the victim's statement.  We affirm the panel decision and reverse the judgment of the trial court with respect to the exclusion of the plastic bag.

I.

Ms. Neal, a customer in the store at the time of the robbery, testified that as the robber, who wore a mask, left the store following the robbery, the victim, Chong Johnson, exclaimed, "I know him, that's not a real gun. I know him, that's not a real gun." The trial court admitted this statement under the excited utterance exception to the hearsay rule.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). The victim's statement was made during the course of an armed robbery, as the perpetrator left the store. Those circumstances support the trial court's factual finding that the statement was made spontaneously, induced by the stress and excitement of the robbery.

Moon, C.J., Baker, Coleman, Willis, Elder, Bray and Fitzpatrick, JJ., concurring.
Benton, J., with whom Koontz, J., joins, dissenting.

II.

For the reasons stated in the panel decision, 19 Va. App. at 314, 451 S.E.2d at 677, we hold that the trial court erred in excluding the plastic bag from the evidence.

Moon, C.J., Benton, Coleman, Koontz, Willis, Elder, Bray and Fitzpatrick, JJ., concurring.
Baker, J., dissenting.

_____

Benton, J., concurring and dissenting.  Koontz, J., joins in Parts I and II of this order.

For the reasons stated in my prior concurring and dissenting opinion, see Cotton v. Commonwealth, 19 Va. App. 306, 316, 451 S.E.2d 673, 678-79 (1994) (Benton, J., concurring in part and dissenting in part), and for the reasons that follow, I dissent from Part I of the order, concur in Part II, and concur in the remand for a new trial.

I.

Over Cotton's objection, the Commonwealth attempted to prove through the testimony of Barbara Neal that Chong Johnson made a statement as the robber was escaping.  Neal testified that when the robber was leaving the store after taking money, Johnson said "I know him, that's not a real gun."  Neal stated that Johnson appeared to be "trying to calm everybody down" when she made the statement.

Johnson testified and denied, however, that she said anything during the robbery.  Moreover, Johnson testified that during the robbery she was close to the robber and she was aware that he, indeed, had a real weapon.  She testified that she recognized the weapon to be "a sawed-off shotgun" that was wrapped with tape.

As the proponent "'seeking to have hearsay declarations of a witness admitted as an exception to the general rule [excluding hearsay evidence],'" Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984) (citation omitted), the Commonwealth bore the burden of establishing that the statement was an excited utterance.  Id.  "The party seeking to have hearsay declarations 'admitted as an exception to the general rule must clearly show that they are within the

exception.'"  Jones v. Commonwealth, 11 Va. App. 75, 88, 396 S.E.2d 844, 851 (1990) (emphasis added) (citation omitted).  The Commonwealth failed to carry its burden because Johnson denied making the statement and because the proof was insufficient to establish that the statement was not the result of deliberation.

The Commonwealth was obliged to prove that Johnson made a statement "at such time and under such circumstances as to preclude the presumption that it [was] the result of deliberation."  Nicholaou v. Harrington, 217 Va. 618, 622, 231 S.E.2d 318, 322 (1977).  "Where the credible evidence for and against this presumption is fairly balanced, the presumption of deliberation and narration is not rebutted."  Jones, 11 Va. App. at 85, 396 S.E.2d at 850.  "The ultimate test is whether it appears that 'the facts [were] talking through the party or . . . the party [was] talking about the facts.'"  Doe, 227 Va. at 472, 318 S.E.2d at 385-86 (citation omitted).

The rationale behind admitting an excited utterance over a hearsay objection is premised upon the existence of evidence tending to prove that such statement was actually made.  "'The spontaneity of the utterance is deemed to guarantee its trustworthiness, even though it is hearsay evidence which would otherwise be excluded.'"  Doe, 227 Va. at 471, 318 S.E.2d at 385 (quoting Nicholaou, 217 Va. at 622, 231 S.E.2d at 321-22).  However, the evidence did not prove that Johnson made the statement.  Johnson emphatically denied that she said anything.  In addition, Johnson testified at trial that during the event she knew that the robber had an actual gun -- a fact contrary to the statement Neal sought to attribute to Johnson.  With these

manifest conflicts in the Commonwealth's own evidence, the Commonwealth failed to prove the statement was made by Johnson.

Furthermore, the Commonwealth's evidence did not establish that "'[t]he statement [was] . . . instinctive rather than narrative or the result of deliberation.'" Upton v. Commonwealth, 172 Va. 654, 657, 2 S.E.2d 337, 339 (1939) (citation omitted). Neal's testimony that Johnson was "trying to calm everyone down" when Johnson made the purported statement proved that the purported statement was a narrative resulting from deliberation. Id. The statement reflected a reasoned and purposeful declaration rather than a "spontaneous and impulsive" statement. Id. Thus, Neal's testimony did "not overcome the presumption that [the purported statement] was deliberate." Jones, 11 Va. App. at 87, 396 S.E.2d at 851.

For these reasons, I dissent from Part I of the order. I would uphold the panel's decision barring Neal's testimony as to this matter.

## II.

I concur in Part II of the order upholding the panel decision that the trial judge erred in excluding the plastic bag from evidence.

## III.

I also adhere to my view that the panel erred in approving the trial judge's decision to allow testimony concerning fingernail identification. See Cotton, 19 Va. App. at 316, 451 S.E.2d at 678 (Benton, J., concurring in part, dissenting in part, and concurring in the judgment reversing the convictions and remanding for a new trial).

_____

Baker, J., concurring in part, dissenting in part.


          The admissibility of evidence is a matter of law to be determined by the trial court.  1 C. Friend, The Law of Evidence in Virginia § 8.1 (4th ed. 1993).  To be admissible, the evidence must be both relevant and material.  Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986).

> The ultimate inquiry in determining whether evidence is both material--tending to prove a matter which is properly at issue in the case--and relevant--tending to establish the proposition for which it is offered--is:  Does the evidence tend to prove a proposition which is itself provable in the case?

Id.  In finding that the trial court committed reversible error, the majority necessarily holds that the trial court abused its discretion.  The reason given by the majority in holding that the trial court abused its discretion is that the plastic bag containing the unidentified palm print tended to "exonerate" appellant.  I respectfully disagree with that conclusion.

          The plastic bag would not refute the affirmative evidence that the fingernail found in the cash drawer was that of appellant.  Nor would it refute the testimony of the eyewitness who exclaimed, "I know him" and later, at trial, positively identified appellant as the robber who placed his hand in the cash drawer and withdrew monies therefrom.  Moreover, it would not support appellant's alibi defense.  If none of these, then for what purpose could it be used to "exonerate" appellant?  I respectfully submit that the plastic bag did

not tend to prove a proposition which was itself provable in this case.

Except for the holding by the majority that the trial court erroneously refused to admit the plastic bag into evidence, I concur with the remainder of that opinion.

Accordingly, I would affirm the judgment of the trial court.

_____

In accordance with the majority's decision, the judgments are reversed and annulled, the verdicts of the jury are set aside, and the case is hereby remanded to the trial court for retrial, if the Commonwealth be so advised.

Further, that part of the opinion previously rendered by a panel of this Court on December 6, 1994 pertaining to Chong Johnson's statement is withdrawn and the mandate entered on that date is vacated.

The trial court shall allow court-appointed counsel for the appellant a total fee of $600 for services rendered the appellant, in addition to counsel's costs and necessary direct out-of-pocket expenses.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Richard R. James, Clerk

By:

Deputy Clerk